UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,

    *Plaintiff*,

        v.          Civil Action No. 15-cv-123 (RC)

U.S. DEPARTMENT OF STATE,

    *Defendant*.

**DEFENDANT'S STATUS REPORT REGARDING
RELEASE OF RECORDS ON JULY 31, 2015**

Defendant U.S. Department of State ("the Department"), in response to the Court's Order of May 27, 2015 (ECF No. 17) ("Scheduling Order"), respectfully submits this status report regarding its release of the non-exempt portions of records subject to FOIA contained in the emails provided to the Department by former Secretary of State Clinton:

1. In December 2014, the Department received 53,988 pages of documents consisting of emails and attachments to emails from former Secretary Clinton. In consultation with the National Archives and Records Administration, the Department identified approximately 1,533[1] pages of those documents as entirely personal correspondence, that is, documents that are not federal records and thus that are not subject to the FOIA, leaving a total of approximately 52,455[2] pages remaining to be reviewed and released.

2. The Court ordered the Department to aspire to produce certain percentages of cumulative pages of former Secretary Clinton's emails each month, to file a status report within a

---

[1] This number has a margin of error of about plus or minus four pages. That difference does not affect the percentage provided below.

[2] This number has the same plus-or-minus-four-page margin of error as the number of pages of entirely personal correspondence. Again, this has no effect on the percentage provided below.

week of each monthly production reporting on the number of pages produced, and in the event the Department misses a production goal, to explain in the report how it intends to catch up.  The production goal for July 31, 2015 is 15% of the total number of pages to be reviewed.  Scheduling Order at 1-2.

3. As previously reported to the Court, the Department had posted 3,942 pages, or 7.5% of the total number of pages to be reviewed, as of June 30, 2015, slightly surpassing its 7% goal for June.  *See* Def.'s Status Report ¶ 5 (ECF No. 20).

4. On July 31, 2015, the Department posted on its FOIA web site 2,206 additional pages of documents from the collection provided by former Secretary Clinton.  These documents may be viewed at the following URL:

> http://foia.state.gov/Search/Results.aspx?collection=Clinton_Email_July_Release

5. Thus, as of July 31, 2015, the Department has posted a total of 6,148 pages, or 11.7% of the total number of pages to be reviewed.  This is 1,721 pages, or 3.3 percentage points, short of the goal set forth in the Scheduling Order.  The attached declaration of John F. Hackett ("Hackett Declaration"), Director of the Department's Office of Information Programs and Services, explains in detail how the Department plans to make up half of the deficit in its release on August 31, 2015, and half in its release on September 30.  Hackett Decl. ¶ 7.

6. As the declaration explains, the Department, in response to recommendations from the Inspectors General ("IG") for the Department and for the Intelligence Community ("IC"), made arrangements for the IC to provide reviewers to assist the Department in identifying potential IC equities in its review of the emails.  Hackett Decl. ¶ 4.  The IC reviewers began working in a Department facility on July 15, 2015 to screen documents to identify their

agencies' equities; documents with such equities must be sent to the relevant agency for consultation before they can be processed for release.  *Id.* ¶ 5.  The IC reviewers had only eight business days, until July 24, to screen documents for the July 31 release.  *Id.*  As part of its implementation of the IGs' recommendations, and in order to avoid any potential issues involving IC equities in the July 31 release, the Department only released emails that had been screened by the IC reviewers and identified as not having agency equities.  *Id.* ¶ 6.  As a result, the Department was unable meet the Court's goal for the month of July.

       7.       Mr. Hackett anticipates that the IC reviewers will be able to screen documents at a pace sufficient to allow the Department to make up the deficit during the August and September releases.[3]  Hackett Decl. ¶ 7.  Mr. Hackett believes that the IC reviewers will be able screen documents at this rate because they are now fully integrated into the process and will become increasingly familiar with the documents.  *Id.*  And Mr. Hackett has been advised that, if necessary, the IC reviewers will devote additional hours to the review process.  *Id.* ¶ 8.  Accordingly, the Department believes it will be able to catch up with the schedule set forth in the Scheduling Order by September 30, 2015.

---

[3] The Hackett Declaration also explains that the number of emails that have cleared the other steps in the Department's review process meets or exceeds the milestones in the original plan developed to comply with the Scheduling Order.  Hackett Decl. ¶ 8.

Date: August 7, 2015                    Respectfully submitted,

                                                BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Robert J. Prince*
ROBERT J. PRINCE (D.C. Bar No. 975545)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 305-3654
robert.prince@usdoj.gov

*Counsel for Defendant*