UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 15-cv-123 (RC) |

**JOINT STATUS REPORT REGARDING SEARCH TERMS AND
DEFENDANT'S STATEMENT REGARDING THE PROGRESS OF SEARCHES**

The parties, by undersigned counsel, respectfully submit this joint status report regarding their discussions of search terms in response to the Court's Order of July 21, 2015. The parties' joint statement is followed by Defendant's statement regarding the progress of searches.

**JOINT STATEMENT REGARDING SEARCH TERMS**

1.  Plaintiff Jason Leopold initiated this Freedom of Information Act ("FOIA") lawsuit against Defendant U.S. Department of State on January 25, 2015. (ECF No. 1). The Department of State answered the complaint on March 2, 2015. (ECF No. 7).

2.  The parties have engaged in extensive discussion to narrow the scope of the initial FOIA request. These discussions resulted in the Court's adoption of the parties' proposed order (ECF No. 16) (Order Regarding Scope of Searches) that, among other things, limited the FOIA request (the "Narrowed FOIA Request") to (1) all records provided to the Department of State by former Secretary of State Clinton as described in Paragraph 10 of the Declaration of John F. Hackett (ECF No. 12-1), and (2) all records from the files of several named former State Department officials related to 11 enumerated topics.

3. Because the parties had not yet reached agreement regarding the searches for three topics in part (2) of the Narrowed FOIA Request, the Court ordered the parties to "engage in discussions to develop machine-searchable terms reasonably calculated to discover records responsive" to those topics and to file a status report regarding those discussions by June 18, 2015.

4. In their joint status report of July 20 (ECF No. 21), the parties reported that they had made significant progress towards reaching agreement. Specifically, the parties reported that they had reached agreement regarding search terms for two of the three topics discussed in paragraph 3, *supra*, and had narrowed the areas under discussion with respect to the remaining topic. Upon consideration of this status report, the Court issued a minute order on July 21, 2015, requiring, among other things discussed in Defendant's statement below, the parties to file a further status report on August 20, 2015 regarding the status of further discussions.

5. The parties have concluded their discussions and reached the agreement described below regarding search terms for the remaining topic discussed in paragraph 3, *supra*.

6. With respect to the first topic,[1] the parties have agreed to these search terms:

    a. CIA and Torture
    b. enhanced interrogation
    c. EIP
    d. EIT
    e. Binyam Mohamed (and alternate spellings)
    f. waterboard
    g. CIA and prison
    h. CIA and detention
    i. black site

---

[1] This topic was described as follows in the Order Regarding Scope of Searches: "The CIA torture or 'enhanced interrogation' program including, but not limited to the use of the technique commonly called 'waterboarding', as well as CIA foreign prisons, detention facilities, and black sites run or used by the CIA to hold detainees or other persons detained by or on behalf of the U.S. government or any subdivision thereof."

      j. Khalid Sheikh Mohammed (and alternate spellings)
      k. Abu Zubaydah
      l. Abd Al Rahim Al-Nashiri
      m. Senate torture report

7. With respect to the second topic,[2] the parties have agreed to these search terms:

      a. Email server
      b. private email
      c. FOIA

The parties have agreed that responsive records for the search term "FOIA" will be limited to the following two categories of records:

> Records in which any person whose records the parties have agreed will be searched[3] attempted to reject or push back or otherwise negotiate or limit what the Department's FOIA experts determined should or would be released under the FOIA.

> Records discussing the impact or limits that use of personal or non-government email has on FOIA compliance (statutory and policy compliance).

8. With respect to the third topic,[4] the parties have agreed to these search terms:

      a. Palestin* and state*
      b. Palestin* and human rights
      c. Gaza flotilla
      d. Gaza and raid
      e. Israel and raid
      f. Israel and war crime

---

[2] This topic was described as follows in the Order Regarding Scope of Searches: "Use of a private email account, or private email server or FOIA or Privacy Act limitations by any employee within the State Department including but not limited to Secretary Clinton."

[3] The Order Regarding Scope of Searches limited the search of these topics to the "files of former Secretary Clinton, Philippe Reines, Huma Abedin, Cheryl Mills, each person who served as the Counselor to the Secretary from January 21, 2009 to February 1, 2013, and each person who served as a Deputy Secretary of State (both (D) and (D-MR)) from January 21, 2009, to February 1, 2013, that are regarding or related to" the topics discussed above. Order Regarding Scope of Searches at 2.

[4] This topic was described as follows in the Order Regarding Scope of Searches: "[Palestinian] statehood, the Gaza flotilla, Israeli raids in Gaza, and/or human rights issues in Palestinian territory."

The "*" in the above search terms refers to the wildcard operator, which means words that start with "Palestin" will be returned by the search, including, for example, "Palestine" and "Palestinian."

**DEFENDANT'S STATEMENT REGARDING PROGRESS OF SEARCHES**

9. In the Court's minute order of July 21, 2015, the Court also ordered Defendant to "begin conducting searches based on the agreed-upon terms, and [to] report its progress on those searches in the August status report."

10. As of the date of that order, the parties had agreed on a total of 10 topics: the eight topics identified as (b) through (i) on page 2 of the Order Regarding Scope of Searches, about which no discussions of search terms were needed, and the two topics for which search terms had been agreed as of the July 20 joint status report.

11. The Order Regarding Scope of Searches limited the search of these topics to the "files of former Secretary Clinton, Philippe Reines, Huma Abedin, Cheryl Mills, each person who served as the Counselor to the Secretary from January 21, 2009 to February 1, 2013, and each person who served as a Deputy Secretary of State (both (D) and (D-MR)) from January 21, 2009, to February 1, 2013, that are regarding or related to" the topics listed in the order. Order Regarding Scope of Searches at 2.

12. The Department's Office of Information Programs and Services ("IPS") tasked searches for potentially responsive records within the files of former Secretary Clinton, Ms. Abedin, Ms. Mills, and persons who served as Counselor to the Secretary or Deputy Secretary of State to the Department's Office of the Executive Secretariat Staff ("S/ES-S"). S/ES-S has found approximately 1270 records that are potentially responsive regarding the topic "Occupy

Wall Street." The other searches within S/ES-S are not yet complete. IPS analysts are conducting the search for potentially responsive records within the files of Mr. Reines. That search is ongoing.

13. Defendant sent letters to Mr. Reines, Ms. Abedin, and Ms. Mills earlier this year asking them to make available to Defendant any federal records that they may have in their possession, such as emails concerning official government business sent or received on a personal email account while serving in their official capacities with Defendant, if there is any reason to believe that those records may not otherwise be preserved in Defendant's recordkeeping system. All three have provided documents in response to these letters, and Defendant may receive more documents in the future. Defendant is still processing the documents it has received so that they can be electronically searched, and will provide an update to the Court on the status of this process, as well as the status of those searches described in the preceding paragraph that are still ongoing, in the joint status report already scheduled for September 8, 2015, *see* Order re Scope of Searches at 2-3.

| | |
|---|---|
| Date: August 20, 2015 | Respectfully submitted, |
| */s/ Ryan S. James* | BENJAMIN C. MIZER |
| RYAN S. JAMES | Principal Deputy Assistant Attorney General |
| D.C. Bar #496272 | |
| 5208 Capricorn Loop | MARCIA BERMAN |
| Killeen, TX 76542 | Assistant Branch Director |
| (254) 289-7459 | |
| RSJamesLaw@gmail.com | */s/ Robert J. Prince* |
| | ROBERT J. PRINCE (D.C. Bar No. 975545) |
| JEFFREY L. LIGHT | United States Department of Justice |
| D.C. Bar #485360 | Civil Division, Federal Programs Branch |
| 1712 Eye St., NW | 20 Massachusetts Ave., N.W. |
| Suite 915 | Washington, DC 20530 |
| Washington, DC 20006 | Tel: (202) 305-3654 |
| (202) 277-6213 | robert.prince@usdoj.gov |
| Jeffrey.Light@yahoo.com | |
| | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |