UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Civil Action No. 15-cv-123 (RC) |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's April 6, 2020 and June 1, 2020 Minute Orders staying these proceedings, Defendant submits the following status report and recommends that the Court continue the stay over these proceedings. The circumstances described in Defendant's motion to stay and supporting declaration, *see* ECF Nos. 104, 105, have not materially changed as they pertain to this case, since certain personnel essential to the processing of Plaintiff's request still have not returned to Department workspace.

As background, the Office of Personnel Management has directed that plans for ramping back up Federal Government operations will follow the national guidelines for *Opening Up America Again*. Those guidelines include a phased approach for the resumption of normal activities, which can begin only after certain epidemiological "gating criteria" are met on a location-by-location basis. Consistent with this guidance, Defendant is following a three-phased approach for resumption of operations.

Defendant has developed and is implementing a plan to direct its limited available onsite resources during the pandemic in order to maximize their impact across Defendant's FOIA

1

litigation caseload.  To that end, any FOIA litigation personnel who return to the office have been instructed to prioritize completing tasks that cannot be accomplished while working remotely for the cases to which they were assigned prior to the pandemic.  Those personnel are already familiar with the documents in the cases to which they were assigned and are therefore able to process those documents more accurately and efficiently than they would be able to process documents for cases with which they are unfamiliar and have less experience.[1]

During each of the three phases in Defendant's reopening plan, Defendant anticipates following the basic framework described above, albeit with potentially more FOIA personnel returning to part-time onsite operations in each successive phase.

On June 15, 2020, Defendant entered Phase One of that three-step process, and on July 27, 2020, Defendant entered Phase Two.  Unlike in Phase One, bureaus within the Department of State are no longer required to maximize telework during Phase Two, but are encouraged to continue extending telework flexibilities.  Nonetheless, as of the date of this filing, only approximately 20% of State's FOIA litigation processing personnel have returned part-time to onsite operations.  The particular personnel who have returned onsite have done so of their own volition pursuant to the Department's reopening guidance.

At this time, the full FOIA litigation processing staff assigned to this case has not returned onsite, and Defendant is therefore unable to provide a next production date.  While one

---

[1] To the extent the personnel who have returned to their workstations have surplus capacity after managing their pre-pandemic caseload, Defendant's plan is for them to direct that excess capacity to assist with the review of documents for other cases for which no progress can be made via telework and for which the assigned personnel have not returned onsite.  This will allow at least some progress to be made on a broader set of cases than if personnel worked only on their pre-pandemic caseload. Defendant is instructing onsite personnel, when using this excess capacity, to prioritize two categories of cases:  (1) cases for which all processing of both classified and unclassified records is almost complete; and (2) cases involving requests for which Defendant granted expedited processing.  This case falls into neither of those two categories.

of the initial reviewers for Plaintiff's FOIA request returned onsite on a part-time basis, neither the analyst nor the senior reviewer have returned.[2]

Defendant proposes to file another status update by October 5, 2020, providing a further update on its FOIA processing capabilities. If Defendant's ability to process Plaintiff's FOIA request materially changes before October 5, Defendant will file a status report sooner to update the Court.

Respectfully submitted this 7th day of September, 2020.

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        MARCIA BERMAN
        Assistant Branch Director, Federal Programs Branch

        /s/ Michael L. Drezner
        MICHAEL L. DREZNER (VA Bar No. 83836)
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        Tel: (202) 514-4505
        Fax: (202) 616-8470
        Email: Michael.L.Drezner@usdoj.gov

        Attorney for Defendant.

---

[2] Defendant typically assigns two or more FOIA reviewers and an analyst to FOIA requests in litigation. The reviewers are primarily responsible for reviewing and processing the documents for responsiveness and exemptions, though in particularly complex cases, such as this one, the Department will also assign both initial and senior reviewers in order to conduct two levels of review for responsiveness and exemptions. The analyst is responsible for, among other things, compiling documents, providing them to the reviewers, coordinating their responses, obtaining required external clearances, and assembling the final production package.